[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bailiwick Woods Association, Inc., a condominium homeowners association for a subdivision known as Bailiwick Woods, located in Greenwich, has moved (#108) to "reopen judgment upon non-suit," which was the subject of a hearing held by this court on September 14, 1995. The file and hearing reveal that the plaintiff in this action sought monetary damages against the developer of the subdivision, HMK Associates Limited Partnership, and its principal officer, Herbert M. Kaplan, for the defendants' alleged failure to pay common charges, and to make certain improvements to a road and recreational facilities in the condominium development.
This action was returnable September 26, 1989. The defendants filed an answer and special defenses on June 26, 1991. The plaintiff filed a reply thereto on June 27, 1991, thus closing the pleadings, and it also filed a claim for the non-jury trial list on that same date. The action was dismissed the next day, June 28, 1991, pursuant to Practice Book § 251, for failure to proceed with reasonable diligence. On October 28, 1991, the plaintiff moved to "reopen" the judgment upon "non-suit" and referred to "Practice Book § 377."[1] This motion stated that the plaintiff had a "good cause of action" against the defendants. Since the pleadings were closed in a reasonably expeditious manner, and the case was claimed to a trial list immediately thereafter, it is difficult to discern why the action was dismissed under Practice Book § 251.
The difficulty in responding to the plaintiff's motion to vacate the dismissal of the case arises from the inexplicable delay by the plaintiff in pressing this motion. The file reveals that it was not until December 9, 1994, that the plaintiff reclaimed its motion to set aside the dismissal of its case, some CT Page 12555 three and a half years after the case was dismissed. The plaintiff has not offered any explanation for this incredible hiatus in pursuing its motion to set aside the dismissal, but, nevertheless, its motion should be analyzed in the light of the case as it existed when it was dismissed for alleged lack of diligence on June 28, 1991. At that point, the plaintiff had exhibited reasonable diligence by closing the pleadings and claiming the case for a trial list by June of 1991. In order to open or vacate a Practice Book § 251 dismissal, the moving party must demonstrate that there is a "good and compelling reason" for a court to grant such a motion. Hirtle v. Hirtle,217 Conn. 394, 398, 586 A.2d 578 (1991).
The plaintiff's motion to set aside the dismissal is granted because it displayed reasonable diligence in closing the pleadings and claiming the case for a trial list. Its inexcusable delay of well over three years in claiming this motion for argument is another matter which is not involved in the determination of whether the Practice Book § 251 dismissal of June 28, 1991, should be vacated.
The granting of this motion to set aside the dismissal is, however, conditioned upon the plaintiff reclaiming its case for a trial list within ten (10) days of the date hereof, otherwise, this decision to open and set aside the dismissal will be vacated, and the plaintiff's motion will be deemed denied.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of November, 1995.
William B. Lewis, Judge